**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cornelius Dora; Barbara Dora, husband and wife,<br><br>        Plaintiffs,<br><br>vs.<br><br>United States of America,<br><br>        Defendant. | No. CIV-05-565-PHX-MHM<br><br>**ORDER** |

Defendant has filed a motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure Rule 12(b)(1). (Doc. 4). Plaintiff has filed a response in opposition (Doc. 7) and Defendant has filed a reply. (Doc. 8). The Court heard oral argument on Defendant's motion to dismiss the complaint on January 20, 2006. At the conclusion of the hearing, the Court granted the parties permission to provide supplemental briefing which has now been filed. (Doc. 12 & 13). Having reviewed the pleadings and heard oral argument on the motion to dismiss, the Court issues this Order.

**I.**

**Background**.

Plaintiffs filed a complaint in Arizona Superior Court, Maricopa County, on August 31, 2004 asserting state law claims for defamation and slander against named defendant Michael Achey. Defendant, represented by the United States Attorney for the District of

Arizona, filed a notice of removal (Doc. 1). On February 22, 2005, the United States Attorney filed the summons and complaint in support of the notice of removal. (Doc. 2). On February 23, 2005, the United States Attorney filed certification that Michael Achey was acting within the course and scope of his employment as an employee of the United States at the time of the conduct alleged in the complaint. (Doc. 3). Also on February 23, 2005, a notice to substitute the United States as Defendant was filed. (Doc. 5). The Court ordered the United States substituted as Defendant on March 23, 2005. (Doc. 6).

Plaintiffs have asserted the following allegations in the complaint. Plaintiff Cornelius Dora serves as a representative for the Veterans Services Association, Inc. ("VASi"), a non-profit corporation organized to assist veterans in using the VA Hospital in Phoenix. (Complaint, at ¶ 5). Mr. Dora is also a member of the Veterans of Foreign Wars and was selected to be a member of the Military Order of the Cooties ("MOC").(id., at ¶ 4). Until February 10, 2004, Mr. Dora served as the Veterans Affairs Voluntary Services ("VAVS") representative assigned to the VA Hospital in Phoenix where he had an office. (id., ¶ 6). His wife Barbara Dora, also a plaintiff, volunteered at the VA Hospital as the VAVS representative for the MOC Auxiliary. (id., ¶ 5-6). In 2003, Michael Achey was assigned to the VA Hospital as the Voluntary Services Officer. (id.. ¶ 7).

Plaintiffs allege that Mr. Achey made statements about Mr. Dora, asserting the following in the complaint:

> 7. In 2003, Michael D. Achey, federal employee, was assigned to the VA Hospital as Voluntary Services officer. Upon his assignment to the Hospital, Achey began making defamatory and slanderous remarks to VA officials about Cornelius Dora. Achey stated that Dora illegally and improperly diverted funds properly belonging to the VA Hospital to "other organizations," presumably VASi.
>
> 8. In written letter to the Supreme Commander of the MOC, Achey defamed Dora by calling him "rude'" "disruptive," and "unprofessional." He further stated that Dora brought "shame" on the MOC. These statements and Achey's statements that Dora diverted or embezzled VA Hospital funds are false, defamatory and maliciously made.
>
> 9. As a result of Achey's false, slanderous and defamatory statements, Dora was removed from his position as VAVS

> representative at the VA Hospital. He was removed from his office at the Hospital and barred from entering the Hospital save to visit specifically identified veterans. Barbara Dora has been barred from entering all VA facilities to do the volunteer and charitable work she has done for years. Barbara Dora has been barred from volunteering with the DAR Ladies at the National memorial Cemetery in Phoenix.

(id.).

## II.

## **Standard of Review**.

A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence. Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). If the challenge to jurisdiction is that the allegations are insufficient on their face to demonstrate the existence of jurisdiction, plaintiff is entitled to safeguards similar to those applicable when a Fed.R.Civ.P. 12(b)(6) motion is made. The factual allegations of the complaint are presumed true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). A complaint will be dismissed for lack of subject matter jurisdiction (1) if the case does not "arise under" any federal law or the United States Constitution; (2) if there is no case or controversy within the meaning of that constitutional term; or, (3) if the cause is not one described in any jurisdictional statute. Baker v. Carr, 369 U.S. 186, 198 (1962). The party seeking to invoke the jurisdiction of the federal court has the burden of establishing that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Where the jurisdictional issue is separate from the merits of the case, the court can consider evidence regarding jurisdiction and resolve factual disputes when necessary. However, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987) (citations and quotations omitted). Discovery is necessary only if it would allow the plaintiff to show the requisite jurisdictional facts. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th

1  Cir. 1989). The government's scope of employment certification is conclusive unless
2  challenged, in which case, the court reviews the certificate *de novo*. Green v. Hall, 8 F.3d
3  695, 698 (9th Cir. 1993).

### III.

### Discussion.

Defendant contends that the complaint and action should be dismissed based on the Federal Tort Claims Act ("FTCA"), as amended by the Federal Employee Liability Reform and Tort Compensation Act ("FELRTCA"), 28 U.S.C. §§ 1346(b), 2671-80, because the United States has not waived sovereign immunity for a civil action alleging the torts of defamation and slander per se. Defendant also contends that Plaintiffs did not exhaust their administrative remedies, a jurisdictional requirement. Plaintiffs have responded that Mr. Achey's statements and actions were taken outside the scope of his employment as a federal official and are not subject to the FTCA.

(A)     Subject Matter Jurisdiction

The Federal Tort Claims Act is the exclusive remedy for a tort by a Government employee "where the employee was 'acting within the scope of his office or employment' . . . ." 28 U.S.C. § 1346(b). However, 28 U.S.C. § 2680(h) places a jurisdictional restriction that any claim arising out of libel, slander" is excepted from the FTCA. Meridian Int'l Logistics, Inc. v. United States, 939 F.2d 740, 743 (9th Cir. 1991). Therefore, if Mr. Achey was acting within the scope of his employment at the time of the conduct alleged, the Court lacks subject matter jurisdiction over the suit. Meridian Int'l Logistics, Inc., 939 F.2d at 743 (district court would lack subject matter jurisdiction if the FBI agent made the allegedly defamatory comments within the scope of his job of investigating the plaintiff).

Pursuant to 28 U.S.C. § 2679(d)(2), a case is removable from state court "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment." This certification has three consequences: "it requires the Attorney General to remove the lawsuit to the local federal court; it requires the substitution of the United States for the federal employee as the defendant in the lawsuit; and

- 4 -

it converts the lawsuit into an action against the United States under the Federal Tort Claims Act", 28 U.S.C. § 2679(d)(2). Haddon v. United States, 68 F.3d 1420, 1423 (D.C. Cir. 1995).

An FTCA action "shall not be instituted" against the United States unless the claimant first presents a claim to the "appropriate Federal agency." 28 U.S.C. § 2675(a); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). This is a jurisdictional limitation. Id. Plaintiffs acknowledge that they have not submitted a claim to the "appropriate administrative agency." (Doc. 7 at p. 5).

(B)     Review of Certification

The Westfall Act gives federal officials absolute immunity from state tort lawsuits for money damages if their conduct is within the scope of employment. Arthur v. United States By and Through Veterans Admin., 45 F.3d 292, 294-95 (9th Cir. 1995). While the scope of employment certification is conclusive for purposes of removal, it is not conclusive regarding substitution of the United States. Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 432 (1995). The party challenging the certification "bears the burden of presenting evidence and disproving the Attorney General's certification by a preponderance of the evidence." Billings v. United States, 57 F.3d 797, 800 (9th Cir. 1995).

The question of whether a federal employee is acting within the course and scope of his employment is determined by applying respondeat superior principles of the state in which the alleged tort occurred. See Green v. Hall, 8 F.3d 695, 698-99 (9th Cir. 1993). In Arizona, "[t]he conduct of a servant is within the scope of employment if it is of the kind the employee is employed to perform, it occurs substantially within the authorized time and space limit, and it is actuated at least in part by a purpose to serve the master." Smith v. American Exp. Travel Related Services Co., Inc., 876 P.2d 1166, 1170 (Ariz. Ct. App. 1994). An employer is liable for its employee's conduct if at the time of injury, the employee "was performing a service in furtherance of [the] employer's business." Id., 876 P.2d at 1171 (*citing* Ohio Farmers Ins. Co. v. Norman, 594 P.2d 1026, 1028 (Ariz. Ct. App. 1979)). Citing Restatement (Second) of Agency § 229(1), the Arizona courts look to whether the

1  conduct was of the same nature as the employer authorized or incidental to that as authorized.
2  State, Dept. of Admin. v. Schallock, 941 P.2d 1275, 1282 (Ariz. 1997).  When material facts
3  are not in dispute, a court may decide as a matter of law that an employee was acting within
4  the scope of employment. See Duncan v. State, 754 P.2d 1160, 1164 (Ariz. Ct. App.1988).

      Defendant did not submit any documents in support of its motion to dismiss except for the affidavit of Gregory G. Ferris, Regional Counsel, Department of Veterans Affairs, stating there was no record of an administrative claim first being presented concerning the complaint's allegations. As part of its reply, however, Defendant has submitted documents that discuss the duties and responsibilities of the Voluntary Service Program Manager for the Carl Hayden VA Hospital in Phoenix.  Defendant states in the reply that Mr. Achey is the Voluntary Service Program Manager (Doc. 8 at p. 4), and that in this position, Mr. Achey is responsible for aspects of the Voluntary Service program including policy, program and assignment development, administrative operations, and supervision of program staff and volunteers. He also is responsible for recruitment, selection, placement, evaluation, counseling, dismissal, etc., of all volunteers. Defendant further states that "[t]he Voluntary Service Program Manager may remove a VAVS volunteer for unsatisfactory performance, inability to perform the assignment, or violation of established policy and/or procedures." (Doc. 8 at p. 4, n. 2).

      According to Defendant, "[Mr.] Achey terminated the plaintiffs as volunteers of the VA medical center for reasons within Achey's responsibilities..." (id., at p. 6). Defendant argues that in light of these duties and responsibilities, even if Mr. Achey made or wrote defamatory comments in the performance of his responsibilities, including comments to others not associated with or employed by the VA, this conduct fell within the scope of his employment and furthered the business of the VA medical facility. In its supplemental briefing, Defendant has cited authority that actions, even if unauthorized, fall within the scope of office or employment if they are "incidental" to that employment.

      Plaintiffs argue in their response, however, that they bear the burden of rebutting the certification and that they cannot discharge this burden without some opportunity for

1  discovery. Plaintiffs point out that they have alleged that Mr. Achey was acting outside the
2  scope of his employment duties with the Department of Veterans Affairs and that he made
3  statements to "among others, those not associated with or employed by the Department."
4  Plaintiffs did not submit any documents in support of their response. Plaintiffs did state in
5  their response that Mr. Achey was "Plaintiff's superior directly responsible for overseeing
6  certain of the activities which are the subject of this defamation suit." (Doc. 7, at p. 3). In
7  their supplemental briefing, Plaintiffs contend that Mr. Dora was not removed by Mr. Achey
8  but by his superiors at the MOC to whom Achey made the alleged defamatory statements.

9  Plaintiffs have cited Stokes v. Cross, 327 F.3d 1210 (D.C.Cir. 2003), in support of
10 their request that discovery should proceed on the scope-of-employment issue. In Stokes,
11 the appellate court noted that plaintiff, in challenging the certification of scope of
12 employment, had the burden to raise a material dispute by alleging facts that, if true, would
13 establish that the defendants were acting outside the scope of their employment but the
14 district court never gave them the opportunity. Rather, the district court gave conclusive
15 weight to the certification. Id., at 1214. The appellate court considered the plaintiff's
16 allegations in the complaint under Fed.R.Civ.P. 8's liberal pleading standards. Id., at 1215.

17 In the instant case, the parties appear to set forth disputed facts regarding the context
18 in which the alleged statements were made. Plaintiffs appear to dispute that Mr. Dora was
19 removed by Mr. Achey. The facts that have been presented do not sufficiently show the
20 context of the remarks such as when Mr. Achey made the allegedly actionable comments or
21 whether the comments were made during work hours or at the work place, particularly any
22 comments made to persons outside the VA medical center.

23 In Arthur v. United States, etc., 45 F.3d at 296, the Court of Appeals for the Ninth
24 Circuit discussed as follows the district court's review of a certification question:

> [W]hen a district court is reviewing a certification question under the Westfall Act, it must identify and resolve disputed issues of fact necessary to its decision before entering its order. In doing so, it should hold such hearings as appropriate (including an evidentiary hearing if necessary), and make the findings necessary to bind the parties by its decision and enable

them to appeal the certification decision if they deem an appeal necessary.

The Court has determined that discovery should proceed on the limited issue of whether Mr. Achey's alleged remarks and activity occurred within the course and scope of his federal employment. The parties' limited discovery on the scope-of-employment issue shall proceed under the Federal Rules of Civil Procedure and shall be completed no later than May 1, 2006. The Court will hold a status hearing at the conclusion of the discovery period to discuss with counsel further proceedings in the case. Defendant's motion to dismiss the complaint is denied without prejudice.

**Accordingly,**

**IT IS ORDERED** that Defendant's motion to dismiss the complaint (Doc. 4) is denied without prejudice.

**IT IS FURTHER ORDERED** that the parties may proceed with discovery on the limited issue of Plaintiffs' challenge to the scope of employment certification. Discovery on this limited issue shall be completed no later than May 1, 2006.

**IT IS FURTHER ORDERED** that a status hearing will be set at the close of the discovery period.

DATED this 8th day of March, 2006.

_____
Mary H. Murguia
United States District Judge

- 8 -