**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cornelius Dora and Barbara Dora, | No. CV 05-565-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| United States of America; John and Jane Does I-X; White Corporations I-X; Black Partnerships I-X, | |
| Defendant. | |

Presently pending before the Court is Defendant's Motion for Summary Judgment to dismiss Plaintiffs' First Amended Complaint (Dkt. #20). Plaintiffs have filed a Response (Dkt. # 24) and Defendant has filed a Reply (Dkt. #25). Having considered all the papers filed by the parties, the Court issues the following Order.

## BACKGROUND

Plaintiffs, Cornelius Dora and Barbara Dora, originally brought this lawsuit in Arizona Superior Court, Maricopa County, on August 31, 2004, asserting state law claims for defamation and slander against named Defendant Michael Achey.

In their First Amended Complaint, Plaintiffs have asserted the following statements. Plaintiff Cornelius Dora serves as a representative for the Veterans Services Association, Inc. ("VASi"), a non-profit corporation organized to assist veterans in using the VA Hospital in

Phoenix. (Complaint, at ¶ 5.) Mr. Dora is also a member of the Veterans of Foreign Wars and was selected to be a member of the Military Order of the Cooties ("MOC"). (Id. at ¶ 4). Until February 10, 2004, Mr. Dora served as the Veterans Affairs Voluntary Services ("VAVS") representative assigned to the Veterans Affairs ("VA") Hospital in Phoenix where he had an office. (Id. at ¶ 6.) Mrs. Dora volunteered at the VA Hospital as the VAVS representative for the MOC Auxiliary. (Id. at ¶ 5-6). In 2003, Mr. Achey was assigned to the VA Hospital as the Voluntary Services Officer. (Id. at ¶ 7).

Plaintiffs have alleged that Mr. Achey made inappropriate statements about Mr. Dora, including the following:

> 7. In 2003, Michael D. Achey, federal employee, was assigned to the VA Hospital as Voluntary Services officer. Upon his assignment to the Hospital, Achey began making defamatory and slanderous remarks to VA officials about Cornelius Dora. Achey stated that Dora illegally and improperly diverted funds properly belonging to the VA Hospital to "other organizations," presumably VASi.
>
> 8. In written letter to the Supreme Commander of the MOC, Achey defamed Dora by calling him "rude'" "disruptive," and "unprofessional." He further stated that Dora brought "shame" on the MOC. These statements and Achey's statements that Dora diverted or embezzled VA Hospital funds are false, defamatory and maliciously made.
>
> 9. As a result of Achey's false, slanderous and defamatory statements, Dora was removed from his position as VAVS representative at the VA Hospital. He was removed from his office at the Hospital and barred from entering the Hospital save to visit specifically identified veterans. Barbara Dora has been barred from entering all VA facilities to do the volunteer and charitable work she has done for years. Barbara Dora has been barred from volunteering with the DAR Ladies at the National memorial Cemetery in Phoenix.

(Id.)

Defendant, represented by the United States, filed a Notice of Removal to this Court (Dkt. #1). On February 22, 2005, the United States Attorney filed the summons and complaint in support of the Notice of Removal (Dkt. #2). On February 23, 2005, pursuant to 28 U.S.C. § 2679(d)(2), after filing a certification that Michael Achey was acting within

1 the course and scope of his employment as an employee of the United States at the time of
2 the conduct alleged in the Complaint, the United States Attorney filed a Notice to Substitute
3 the United States as Defendant.  (See Dkts. # 3 & 5.)

4   On March 2, 2005, pursuant to Federal Rules of Civil Procedure Rule 12(b)(1),
5 Defendant filed a Motion to Dismiss Plaintiffs' First Amended Complaint for lack of subject
6 matter jurisdiction.  After hearing oral argument and receiving supplemental briefing the
7 Court denied Defendant's Motion to Dismiss and allowed discovery to proceed on the limited
8 issue of Plaintiff's challenge to the scope of employment certification.

9   The parties have completed discovery on the scope of employment issue.  Discovery
10 has revealed that Mr. Achey discussed the Doras with the director of the Medical Center who
11 asked him to complete evaluations of the 1998 and 2002 Program Reviews.  Mr. Achey's
12 communications concerning the Doras also included responding to the MOC and MOCA
13 inquires about removing the Doras from their positions.

14 <center>LEGAL STANDARD</center>

15   Summary judgment is properly granted when no genuine and disputed issues of
16 material fact remain, and when, viewing the evidence most favorably to the non-moving
17 party, the movant is clearly entitled to prevail as a matter of law.  Fed.R.Civ.P. 56; Celotex
18 Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Eisenberg
19 v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir.1987).

20   Initially, the moving party bears the burden of showing that there is no material factual
21 dispute.  Therefore, the court must regard as true the opposing party's evidence, if supported
22 by affidavits or other evidentiary material.  Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d
23 at 1289.  The court must draw all reasonable inferences in favor of the party against whom
24 summary judgment is sought.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S.
25 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Intel Corp. v. Hartford Accident & Indem.
26 Co., 952 F.2d 1551, 1558 (9th Cir.1991).

27   The burden then shifts to the non-movant to establish the existence of material fact.
28

Celotex, 477 U.S. at 323, 106 S.Ct. 2548. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 475 U.S. at 586-87, 106 S.Ct. 1348 (quoting Fed.R.Civ.P. 56(e)).

A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. Id. at 247-48, 106 S.Ct. 2505.

## DISCUSSION

The Federal Tort Claims Act ("FTCA") is a limited waiver of the Government's sovereign immunity applying to certain torts by a federal employee acting within the scope of his office or employment. United States v. Orleans, 425 U.S. 807, 813 (1976). In fact, the FTCA is the exclusive remedy for such a tort by a government employee when acting within the scope of his employment. 28 U.S.C. § 1346(b). Therefore, if Mr. Achey was acting within the scope of his employment, this Court lacks subject matter jurisdiction over the lawsuit. Meridian Int'l Logistics, Inc., 939 F.2d 740, 743 (9th Cir. 1991) (district court would lack subject matter jurisdiction if an FBI agent made allegedly defamatory comments within the scope of his job of investigating the plaintiff).

In their First Amended Complaint, Plaintiffs assert that Mr. Achey acted outside of the scope of his employment when he did not follow employment protocol as provided in the VA Handbook. Next, Plaintiffs assert that since the Doras were terminated, the fundraising from the MOC to the Phoenix VA Hospital has not improved. Despite the new MOC VAVS Representatives' lackluster fundraising, Mr. Achey has not complained to the MOC about the new representatives nor requested their removal. This, Plaintiffs claim, proves that Mr. Achey acted slanderously against the Doras to effectuate their removal. Finally, Plaintiffs contend that Mr. Achey's actions were intentional acts that fall outside the scope of employment and are not immune from liability.

- 4 -

As stated above, Defendant contends that Mr. Achey discussed the Doras with the Director of the Medical Center while completing the 1998 and 2002 Program Reviews. Defendant further claims that Mr. Achey discussed the Doras when he responded to MOC and MOCA inquiries about removing the Doras from their positions and refilling their positions. Plaintiffs have not disputed Defendants assertion regarding the context in which Mr. Achey commented about the Doras.

Plaintiffs argue that Mr. Achey's statements were made outside of the scope of his employment because he did not follow employment protocol as provided in the VA Handbook. However, Plaintiffs' arguments misses the mark because the clause in the VA Handbook that Plaintiffs rely on does not apply to Mr. Achey as the Voluntary Services Officer. In fact, the VA Handbook states that the Voluntary Services Officer, also called the Voluntary Services Program Manager, "may remove a VAVS volunteer for unsatisfactory performance, inability to perform the assignment, or violation of established policy and/or procedures." VA Handbook, Paragraph 4, pg. 4. Plaintiffs rely on the clause that states that "utilizing service must provide detailed documentation demonstrating that the volunteer, after appropriate orientation and training, has been counseled and sufficient cause for removal exists." However, this statement relates to the department head's responsibilities regarding seeking termination of a volunteer who is not performing adequately. (See Department Heads responsibility (l), pg. 12, stating "[c]ounsel volunteers when performance is marginal or unsatisfactory, and if necessary, initiate action for removal (see par. 4)"). Thus, Plaintiffs' argument that Mr. Achey did not follow the proper procedure as provided in the VA Handbook is not compelling.

Plaintiffs' argument that the Doras' replacements have not improved fundraising levels does not advance Plaintiffs' argument that Mr. Achey acted outside of the scope of his employment – a preliminary requirement to continue the lawsuit. At this stage in the proceedings, Plaintiffs must show that Mr. Achey was not acting in his official capacity in order to overcome the FTCA immunity for government employees. Plaintiffs have not made such a showing.

- 5 -

1    Plaintiffs cite John R. v. Oakland Unified School District, 767 P.2d 948, 953 (Cal. 1989), and Smith v. American Express Travel Related Services Company, Inc., 876 P.2d 1166, 1170 (Ariz. App. 1994), for the proposition that an employee's intentional conduct, as opposed to negligent conduct, is outside the scope of employment. Again, Plaintiffs argument is not convincing. First, John R is a California case without application here. Second, Smith was decided before the Arizona Supreme Court adopted the Restatement (Second) of Agency § 229, which states that to determine whether conduct was within the scope of employment requires consideration of such things as the time, place, and purpose of the act; the similarity in quality of the act done to the act authorized; the "extent of departure from the normal method of accomplishing an authorized result"; and whether the act is seriously criminal. (See State v. Schallock, 189 Ariz. at 257; 941 P.2d at 1282 (adopting the Restatement (Second) of Agency and holding that even unauthorized actions fall within the scope of office or employment if they are incidental to that employment.).) Finally, Plaintiffs' argument that Mr. Achey's statements at issue in this lawsuit were not made within the scope of his employment because they were *intentionally* slanderous is contrary to the law and in discord with the "intentional tort" exception to the FTCA. Plaintiffs have provided no authority to bolster their argument.

Plaintiffs also argue that Mr. Achey's statements were outside the scope of his employment because no employer would have instructed Mr. Achey or an employee to defame others as part of his job. This argument misses the point of the governmental immunity under the FTCA. Normally, an employee acts within the scope of employment when he performs the kind of work he was hired to perform, his conduct occurs substantially within authorized time and space limits, and his conduct is motivated at least in part, by a purpose to serve the employer. State v. Schallock, 189 Ariz. 250, 257; 941 P.2d 1275, 1282 (1997) (citing Restatement (Second) of Agency § 229(2)(a)-(j)). The instances in which Mr. Achey made statements about the Doras were within the course of his employment. In one instance, Mr. Achey made a statement about the Doras while talking to the director of the Medical Center in an official capacity, and in another instance, he was responding to

- 6 -

inquiries from the MOC and MOCA requesting information to aid a their decision about whether to remove or replace the Doras. The law does not require that an employee's statements be scripted by an employer in advance to be considered within the scope of employment. The law simply requires that an employee's statements be made in the scope of conducting one's job. Mr. Achey has meet this requirement because his comments were made in the course of performing his position as the Voluntary Services Officer.

Plaintiffs cite State v. Heinze, 993 P.2d 1090, 1093 (Ariz. App. 1999), and assert that whether an employee acted within the scope of his employment is a question of fact for the jury to decide. It is true that the court in Heinze denied summary judgment holding that, based upon the facts in Heinze, a genuine issue of material fact existed regarding the determination of a state employee's right to indemnification from the State. However, contrary to the Plaintiffs' assertion, Heinze did not hold that summary judgment was inappropriate whenever an issue of "scope of employment" was at issue. Moreover, Heinze is a Arizona Court of Appeals case, whereas Schallock, discussed above, is an Arizona Supreme Court case and bears greater weight with regard to the case at bar.

For the aforementioned reasons, the Court does not find Plaintiffs' arguments compelling. Rather, the Court finds that Mr. Achey's statements at issue in this lawsuit were made within the scope of Mr. Achey's employment. Thus, pursuant to the FTCA, the Court grants Defendant's Motion for Summary Judgment and dismisses this action for lack of waiver of sovereign immunity.

**Accordingly,**

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Dkt. #20) is granted.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

DATED this 12th day of January, 2007.

Mary H. Murguia
United States District Judge